IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Zachary Switzer, | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. |
| | ) | |
| Northern Tier Retail, LLC d/b/a Speedway, | ) | PLAINTIFF DEMANDS A TRIAL BY JURY |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Zachary Switzer, by his attorneys, SCHROEDER & MANDEL, P.A., respectfully allege as follows:

### Nature of Case

1. This is a civil action for personal injuries suffered by Plaintiff Zachary Switzer against Defendant Northern Tier Retail, LLC d/b/a Speedway. This action arises out of an incident on July 3, 2019 on Defendant's premises in the City of Minneapolis, County of Hennepin, State of Minnesota, in which Plaintiff was lawfully on the premises as a customer of store number, #4034, owned, managed and operated by Defendant. On that day, Plaintiff, had been fueling up his motorcycle and while still on Defendant's premises, Plaintiff was leaving the fuel pump area on his motorcycle, was attempting to exit Defendant's premises, when his motorcycle tires slipped on an oily/slippery substance causing Plaintiff and his motorcycle to crash to the ground. As a result, Plaintiff sustained severe and permanent injuries to his left knee and leg. Said incident and injuries were witnessed by and reported to Defendant's employees.

2. Plaintiff, Zachary Switzer, is an individual and citizen of the state of Minnesota.

3. Defendant, Northern Tier Retail, LLC d/b/a Speedway, is a foreign corporation and is a Delaware corporation with its principal place of business at 1209 Orange Street, City of

Wilmington, County of New Castle, State of Delaware, however, Defendant does business throughout the State of Minnesota, including Hennepin County.

### Venue and Jurisdiction

4.  This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that amount of controversy exceeds seventy-five thousand dollars ($75,000) and Plaintiff is a citizen of a state which is different from the state where Defendant is incorporated and has its principal place of business.

5.  Venue is proper in this district because this incident occurred in Minneapolis, Minnesota, in the County of Hennepin, which falls within the jurisdiction of this Court.

### Factual Allegations

6.  On July 3, 2019 on Defendant's premises in the City of Minneapolis, County of Hennepin, State of Minnesota, in which Plaintiff was lawfully on the premises as a customer of store number, #4034, owned, managed and operated by Defendant. On that day, Plaintiff, had been fueling up his motorcycle and while still on Defendant's premises, Plaintiff was leaving the fuel pump area on his motorcycle, was attempting to exit Defendant's premises, when his motorcycle tires slipped on an oily/slippery substance causing Plaintiff and his motorcycle to crash to the ground.

7.  Defendants owed Plaintiff, as a lawful entrant and customer, a duty to take reasonable care from causing a hazard condition to exist and causing injury to the Plaintiff. Defendant was negligent and careless by its acts and omissions, including but not limited to: failing to inspect the area for a dangerous condition; a failing to clean the area so as to maintain the area where Plaintiff was injured in a responsibly safe condition; a failing to maintain the area in a safe condition clean and clear of any hazards under its observation and control for customers

like the Plaintiff; failing to warn the public, and customers like the Plaintiff, of a dangerous/hazardous condition; and other careless and negligent acts and omissions on the part of the Defendant to be determined after written discovery and investigative depositions.

8. Plaintiff's injuries were a direct and proximate result of the aforementioned negligent acts and breaches of the duties owed by Defendant to Plaintiff. Defendant knew or should have known about the hazardous/dangerous condition on its premises, as Defendant's employees could personally see out on to the premises and also had surveillance cameras filming customers coming on to and exiting its premises, and at all time are aware of the condition of its premises.

9. Defendant's negligent, careless, illegal and unlawful conduct was through its employees, and therefore, pursuant to respondeat superior, is causally negligent in one or more of the following was:

    a. By failing to properly train and/or supervise its employees;

    b. By failing to properly maintain and service its premises in order to assure the public that they were safe;

    c. By allowing its employees to operate its business with hazardous/dangerous condition on its premises;

    d. By failing to properly inspect its premises to make sure they were reasonably safe for its customers and the public; and

    e. In many other ways to be proven following discovery and at the time of trial.

10. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has incurred in excess of $45,000.00 in reasonable and necessary medical treatment, including surgeries; Plaintiff has also incurred loss of earnings; Plaintiff has surgical scarring on his left knee/leg; Plaintiff has hardware implanted in his left leg; Plaintiff continues to treat for

his injuries; and according to some of Plaintiff's treating physicians some of the Plaintiff's injuries to his left knee and leg are permanent in nature.

11.     As a further and direct and proximate result of the aforesaid negligence and carelessness of Defendant Plaintiff has incurred in the past and will in the future incur expenses for reasonable and necessary medical care and treatment; has incurred loss of earnings; and as a result, he has in the past and will in the future suffer physical pain and mental harm; and Plaintiff also has ongoing past and future economic losses all to his detriment.

## Demand for Jury Trial

Plaintiff Zachary Switzer hereby demands a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## Prayers for Relief

WHEREFORE, Plaintiff Zachary Switzer demands judgment, against the Defendant Northern Tier Retail, LLC, d/b/a Speedway, in an amount in excess of Seventy-Five Thousand and no/100 ($75,000) Dollars together, along with costs, pre-judgment and post-judgment interest and disbursements as allowed by Minnesota law.

PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.

**SCHROEDER & MANDEL, P.A.**

Dated: 1-8-2021

By: _____
Richard J. Schroeder, # 231629
219 Little Canada Road E, Suite 200
St. Paul, Minnesota 55117
Telephone: (651) 426-8740
Facsimile: (877) 822-3312
Email: *rick@schroederandmandel.com*

ATTOREYS FOR PLAINTIFF
ZACHARY SWITZER

## ACKNOWLEDGMENT

The undersigned acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.211, Subd. 2, to the parties against whom the allegations in this pleading are asserted.

_____
Richard J. Schroeder, Esq.

5